IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTINA PAOLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-66-GMS-CJB |
| | ) | |
| TROOPER STETSER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Presently before the Court in this civil rights action are two pending motions: (1)

Plaintiff Christina Paoli's ("Plaintiff") motion to amend the Complaint, filed pursuant to Fed. R.

Civ. P. 15(a)(2) and 16(b)(4) (the "motion to amend") (D.I. 47); and (2) Plaintiff's motion to

compel complete responses to interrogatory requests, filed pursuant to Fed. R. Civ. P. 37(a) (the

"motion to compel") (D.I. 48). For the reasons that follow, the Court recommends that

Plaintiff's motion to amend be DENIED,[1] and GRANTS-IN-PART Plaintiff's motion to

compel.[2]

## I.    BACKGROUND

On January 23, 2012, Plaintiff, acting pro se, filed this action against Delaware State

---

[1]    Motions for leave to amend pleadings are typically treated as "non-dispositive" motions within the pretrial powers of a Magistrate Judge on referral. *Smith v. Delaware*, Civ. No. 07-600-JJF-LPS, 2009 WL 2175635, at *1 n.2 (D. Del. July 21, 2009); *Chase Manhattan Bank v. Iridium Africa Corp.*, No. Civ. A. 00-564 JJF, 2004 WL 725213, at *1 (D. Del. Mar. 29, 2004). However, given the potential consequences that denial of permission to assert a claim may have on the outcome of a civil action, our Court has treated denial of the motion to amend as case-dispositive. *Smith*, 2009 WL 2175635, at *1 n.2; *Chase Manhattan Bank*, 2004 WL 725213, at *1. In light of this authority, the Court will treat this motion as dispositive, and thus issue a "Report and Recommendation."

[2]    Plaintiff's motion to compel discovery, however, is non-dispositive, and will be treated as such. *See* Fed. R. Civ. P. 72(a).

Police—Troop 7 and several police officers associated with Troop 7. (D.I. 1) Plaintiff's

Complaint, over twenty-two pages in length, appears to allege that over a thirteen-year period,

Defendants have filed numerous false, unsubstantiated charges against Plaintiff and have failed

to respond to Plaintiff's requests for police assistance on multiple occasions, all driven by

retaliatory and discriminatory motives. (*Id.*) Plaintiff appears to, *inter alia*, allege a claim

pursuant to 42 U.S.C. § 1983 and argue this conduct violated the Equal Protection Clause of the

Fourteenth Amendment. (*Id.* at 1) Plaintiff's Complaint also makes references to whistleblower

violations and the torts of slander, negligence and conspiracy. (*Id.*) Plaintiff seeks monetary and

injunctive relief for the alleged misconduct. (*Id.* at 21)

On February 27, 2012, Defendants filed their Answer. (D.I. 18) On May 3, 2012, this

action was referred to the Court by Chief Judge Gregory M. Sleet to "conduct all proceedings

related to discovery disputes, alternate dispute resolution, and dispositive and nondispositive

motions up to the pretrial conference." (D.I. 19) The Court issued a Scheduling Order on June

7, 2012. (D.I. 22) The Scheduling Order stated, *inter alia*, that "[a]ll motions to . . . amend or

supplement the pleadings shall be filed on or before August 1, 2012." (*Id.* at ¶ 2 (emphasis

omitted)) The Scheduling Order also set a deadline for completion of discovery as December 31,

2012. (*Id.* at ¶ 3(a))

Approximately six weeks before the discovery period was set to expire, Defendants

requested a discovery dispute teleconference with the Court to address Plaintiff's failure to

respond to their discovery requests. (D.I. 29) For her part, Plaintiff explained that health issues

had interfered with her ability to respond to the discovery, and requested that the discovery cut-

off deadline be postponed until after March 13, 2013. (D.I. 38) On January 3, 2013, the Court

held a teleconference with the parties to attempt to resolve the dispute, and ultimately granted an

extension of discovery to February 15, 2013, in order to allow for Plaintiff to respond to

Defendants' outstanding discovery requests, and to allow for any additional discovery desired by

the parties. (D.I. 57 (hereinafter, "Tr.") at 23)  The Court subsequently issued an Order that

memorialized this extension and extended other case deadlines occurring after the close of fact

discovery. (D.I. 41)

      During the January 3, 2013 teleconference, Plaintiff noted that she "would like to add

[allegations relating to certain criminal charges that occurred after the filing of her Complaint] to

the case. I don't know if I'm allowed to add it, but it did happen after the fact. But it gives exact

examples of what I put in the civil case, that the police treat me unfairly." (Tr. at 19)  More than

four weeks later, on February 21, 2013, Plaintiff filed the motion to amend, (D.I. 47), as well as

the motion to compel, (D.I. 48). On February 27, 2013, the Court issued an Order that set out a

briefing schedule for Plaintiff's motion to compel (to be utilized in lieu of the discovery dispute

procedures set forth in the Scheduling Order). (D.I. 49)  On March 12, 2013, Defendants filed a

responsive brief in opposition to Plaintiff's motion to compel that also included brief argument

against amendment to Plaintiff's Complaint. (D.I. 51)  Plaintiff did not file a reply brief as to

either of her motions. The motions are now ripe for resolution.

## II.    STANDARD OF REVIEW

### A.    Motion to Amend

Federal Rule of Civil Procedure Rule 15(a) provides that, other than in certain

circumstances where a party may amend a pleading as a matter of course, a party may do so "only

with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The

rule further explains that a court should "freely give leave [to amend the pleadings] when justice so requires." *Id.* However, in cases where a party moves to amend the pleadings after a deadline imposed by a scheduling order, such that granting the motion to amend would effectively require a modification of the order, Federal Rule of Civil Procedure 16(b)(4) is implicated and the movant must first show "good cause" to justify such a modification. *Cloud Farm Assoc., L.P. v Volkswagen Grp. Of Am., Inc.*, C. A. No. 10-502-LPS, 2012 WL 3069390, at *2 (D. Del. July 27, 2012); *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008); *see also Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 & n.18 (3d Cir. 2000) (affirming district court's denial of plaintiff's motion to amend complaint where plaintiff failed to show good cause under Rule 16(b) to modify the scheduling order).

Federal Rule of Civil Procedure 16 authorizes courts to enter scheduling orders for actions, and the rule's purpose is to "provide for the judicial control over a case, streamline proceedings, maximize the efficiency of the court system, and actively manage the timetable of case preparation to expedite the speedy and efficient disposition of cases." *Prince v. Aiellos*, Civil Action No. 09-5429 (JLL), 2012 WL 1883812, at *6 (D.N.J. May 22, 2012) (citing *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990)). To show good cause to modify a scheduling order, the party moving to amend a pleading must demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner. *Cloud Farm Assoc.*, 2012 WL 3069390, at *2; *Venetec Int'l*, 541 F. Supp. 2d at 618. Thus, whether Rule 16(b)'s good cause requirement is met depends on the diligence of the party seeking modification, rather than on prejudice to the non-moving party. *Cloud Farm Assoc.*, 2012 WL 3069390, at *2; *Venetec Int'l*, 541 F. Supp. 2d at 618. Courts have found that good cause is not

4

shown "when a party was aware of the facts that would lead it to amend and failed to act on it." *Prince*, 2012 WL 1883812, at *6 (internal quotation marks and citation omitted) (citing cases).

If the movant makes a showing of good cause, the party's motion to amend may then be considered under Rule 15(a). *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118-19 (W.D. Pa. 2010) (noting that after a party has shown good cause under Rule 16, the trial court can then consider, under Rule 15(a), the party's motion to amend its pleading); *Prince*, 2012 WL 1883812, at *6 (same). In line with the requirements of Rule 15(a), the United States Court of Appeals for the Third Circuit has adopted a liberal approach in allowing amendments, in order to ensure that "claim[s] will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *see also Aerocrine AB v. Apieron Inc.*, Civ. No. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). The "factors [that a court should] consider in weighing a motion for leave to amend are well-settled: (1) whether the amendment has been unduly delayed; (2) whether the amendment would unfairly prejudice the non-moving party; (3) whether the amendment is brought for some improper purpose; and (4) whether the amendment is futile." *Butamax Advanced Biofuels LLC v. Gevo, Inc.*, Civ. No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. June 21, 2012) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The nonmovant bears the burden to demonstrate that actual prejudice will result from the amendment of the complaint. *Dole*, 921 F.2d at 488; *Kiser v. Gen. Elec. Corp.*, 831 F.2d 423, 427-28 (3d Cir. 1987); *Aerocrine AB*, 2010 WL 1225090, at *7.

**B.    Motion to Compel**

Federal Rule of Civil Procedure 37 applies to motions to compel discovery, providing

5

that "[o]n notice to other parties and all affected persons, a party may move for an order

compelling . . . discovery." Fed. R. Civ. P. 37(a)(1).

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ.

P. 26(b)(1). The Rule further states that "[r]elevant information need not be admissible at the

trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence." *Id.* Pursuant to Federal Rule of Civil Procedure 33(b)(3), when answering a party's

interrogatories, "[e]ach interrogatory must, to the extent it is not objected to, be answered

separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

When a party objects to discovery requests, "the burden falls on the party seeking the

discovery to show the relevance of the information requested." *Kaiser v. Stewart*, Civ. A. No.

96-6643, 1996 WL 730533, at *2 (E.D. Pa. Dec. 10, 1996) (citations omitted). "Once relevance

is shown, the party opposing discovery may show why discovery, even if relevant, should not be

permitted." *Id.*

## III.   DISCUSSION

### A.   Motion to Amend

Plaintiff's motion to amend seeks the Court's approval to file an Amended Complaint

that: (1) adds facts and claims relating to arrests that occurred after the commencement of this

action (on August 23, 2012 and October 1, 2012), and (2) names the four police officers involved

in the 2012 arrests, as well as two police officers allegedly involved in Plaintiff's existing claims,

as additional defendants to this action. (D.I. 47)[3]  Plaintiff's motion, similar in style to her

Complaint, presents the facts underlying her proposed amendment in a lengthy, narrative fashion,

which can be difficult to navigate. The motion attaches nearly seventy pages of unlabeled,

unindexed Exhibits.

Plaintiff argues that denial of her proposed amendment would be a "huge injustice"

because her present case would be detrimentally affected, and because time and money would be

wasted were the Court to require that she attempt to litigate these new issues in a future

proceeding. (D.I. 47 at 7; *see also id.* at 12 ("Why have two separate cases when the plaintiff is

the same and the defendant (Troop 7) is the same and the facts of police abuse, harassment [] is

the same?")) Plaintiff also asserts that her amendment "is absolutely crucial so that attorneys and

the police can't with[h]old c[r]ucial [] discovery the way they have done for years." (*Id.* at 7)

While Defendants did not file a separate response in opposition to Plaintiff's motion to

amend, their opposition to Plaintiff's related motion to compel emphasizes their objection to any

amendment at this late stage of the litigation. (D.I. 51 at 3-5) Defendants point out that the

---

[3]    Plaintiff's motion to amend fails to comply with the Local Rules of this Court, which require a party moving to amend a pleading to attach to the motion both the "proposed pleading as amended" and a "form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." D. Del. LR 15.1. This Court has explained that the latter requirement is not "a mere technicality", as it "clarifies for both the court and the opposing party what changes to the original document are actually being made." *Kabbaj v. Simpson*, Civil Action No. 12-1322-RGA/MPT, 2013 WL 867751, at *7 (D. Del. Mar. 7, 2013). Indeed, Plaintiff has previously been made aware of Local Rule 15.1, as she had filed a motion to amend in a prior lawsuit in this Court, to which this Court responded with a Deficiency Notice stating that it would not take action on the motion as it was "not filed in compliance with [Local Rule] 15.1." *Paoli v. City of Lewes, DE*, Civil Action No. 07-419-GMS-LPS, D.I. 13 (D. Del. Nov. 29, 2007). Nevertheless, in light of the advanced procedural stage of this case, the Court will resolve the motion to amend, without requiring that Plaintiff re-file it in compliance with D. Del. LR 15.1.

discovery deadline has passed, and so too has the deadline for moving to amend the pleadings (a deadline agreed upon by the parties). (*Id.* at 3) Defendants also contend that Plaintiff's present Complaint contains threshold deficiencies relating to statutes of limitations and Eleventh Amendment immunity, and that such issues "weigh against granting plaintiff broad leeway to obtain discovery on unrelated claims or attempt to amend an otherwise deficient complaint." (*Id.* at 4)

Courts find good cause pursuant to Rule 16(b) lacking when motions to amend pleadings are filed late in litigation, without explanation for the tardiness. *See, e.g., Peters v. Wal-Mart Stores East, LP*, No. 12-2715, 2013 WL 1150224, at *4 (7th Cir. Mar. 19, 2013) (affirming district court's denial of plaintiff's motion to amend complaint where plaintiff failed to show good cause as she did "not explain why she delayed seven months . . . to propose her new claim" and "the motion came very late in the litigation"); *Unger v. Taylor*, 368 F. App'x 526, 530 (5th Cir. 2010) (affirming district court denial of plaintiff's motion to amend for failure to show good cause where the motion was tardy, the trial was imminent, the defendants did not consent to the amendment, and plaintiff failed to explain the untimeliness of his motion). Here, with respect to Plaintiff's requests to add facts and claims relating to the two 2012 arrests to her Complaint, the Court finds that Plaintiff has failed to demonstrate good cause to allow the amendment and modification of the Scheduling Order. This is largely because Plaintiff has failed to articulate any reasons *why* her motion was submitted at such a late juncture in this litigation.

Although the arrests-at-issue in Plaintiff's motion occurred after she had commenced this action, rendering it impossible to include them in Plaintiff's original Complaint, Plaintiff has had ample opportunity to move to amend the pleadings in a more timely fashion. Her motion to

amend was filed over six months after the deadline for filing amended pleadings set out in the

Scheduling Order. Additionally, the August 2012 arrest occurred almost six months before

Plaintiff moved to amend her complaint, and the October 2012 arrest occurred nearly four

months before that date. Had Plaintiff filed her motion to amend soon after her arrests, the

motion would have been submitted well prior to the February 15, 2013 close of discovery, such

that Plaintiff could at least have argued then that allowance of the amendments would do less

damage to the case schedule. Plaintiff did not do so, however, nor does she provide any

justification for her inaction. Plaintiff also does not explain why it took her over four weeks

from the date of the January 3, 2013 teleconference, in which she first referenced a desire to add

the arrests-at-issue to this action, to actually file her motion to amend. Accordingly, at this late

stage of the litigation, Plaintiff has failed to demonstrate good cause regarding the addition of the

2012 arrests to her Complaint (and relatedly, to her request to add Corporal Miller, Corporal

Lowe, Corporal Dick and Corporal Blakeman as defendants). *See, e.g., Duran v. Merline*, Civil

Action No. 07-3589 (RMB/AMD), 2013 WL 504582, at *20 (D.N.J. Feb. 8, 2013) (denying

plaintiff's motion to amend complaint filed after scheduling order deadline where plaintiff did

"not give[] the Court any reason to believe that he acted diligently in filing" the motion, as he

had "merely included what appears to be a proposed [] amended complaint without any

explanation for his one-year delay in filing it"); *McDerby v. Daniels*, C. A. No. 08-882-GMS,

2010 WL 2403033, at *6-7 (D. Del. June 16, 2010) (denying motion to amend complaint filed

after deadline for case dispositive motions, as moving party did not address "good cause"

standard, and provided "no explanation" for why he did not earlier file the motion).

　　In support of her additional request to add Sergeant Fuscellaro and Sergeant Crotty as

defendants to this action, Plaintiff appears to state that these officers played roles in certain events described in her Complaint, but that their involvement was not made clear to her until she reviewed Defendants' discovery responses, which she received on February 13, 2013. (D.I. 47 at 1) For several reasons, however, the Court finds that Plaintiff has failed to demonstrate good cause sufficient to allow amendment of her Complaint to add these officers as Defendants.

As an initial matter, while Plaintiff identified Defendants' discovery responses as the catalyst for moving to add these officers as defendants, it is notable that she did not even serve her discovery requests on Defendants until January 6, 2013. (*See* D.I. 51, ex. 1) This date was months after the deadline to amend pleadings, and very near the close of the revised fact discovery deadline. Thus, even to the extent Plaintiff's proffered reason for her late motion to add these officers as defendants is the fact that she learned of their role after receiving Defendants' discovery responses, Plaintiff's delay in *serving* discovery requests is at least partially responsible for the lateness of the motion.

More fundamentally, Plaintiff does not adequately explain *how* this production of documents prompted her late knowledge of these officers' role in the events giving rise to her Complaint. For example, in explaining why she could not have earlier brought claims against Sergeant Fuscellaro, Plaintiff offers only that his role "wasn't evident until I received the[] discovery response [from Defendants] on February 13, 2013. Sgt. Fuscellaro is added because Corp[oral] Warrington's aff[i]davit states that his supervisor, Sgt. Fuscellaro told him to enter my camper without permission and without a warrant on 3/6/11." (D.I. 47 at 1) Yet Plaintiff's Complaint does not appear to refer to an incident occurring on March 6, 2011. (D.I. 1) As to allegations involving Corporal Warrington, the Complaint does make reference to an event on

10

March 7, 2011, wherein Corporal Warrington arrested Plaintiff. (D.I. 1 at 5)  In that portion of

her Complaint, Plaintiff identifies Sergeant Fuscellaro as one of "three officers" (along with

Corporal Warrington) who, on that date, "show[ed] their vendetta against plaintiff as well as their

retaliatory, harassing, unprofessional and even illegal actions." (*Id.*)  If anything, this reference

suggests that Plaintiff was aware of Sergeant Fuscellaro's involvement in events referenced in

the Complaint at the time she filed the Complaint, and that she could have included him as a

Defendant at that time, were there basis to do so.[4]  In any event, Plaintiff's lack of clarity and

specificity as to the basis for "good cause" to untimely add Sergeant Fuscellaro as a Defendant is

fatal to her request.

As to Plaintiff's request to add Sergeant Crotty as a Defendant, Plaintiff's showing is

even more deficient.  Unlike with Sergeant Fuscellaro, here Plaintiff does not even attempt to

identify (let alone attach) the discovery response(s) that are asserted to reveal Sergeant Crotty's

role in the relevant events. (D.I. 47)  Indeed, in making reference to Sergeant Crotty in her

motion to amend, Plaintiff tends to refer simply to her own past interactions with him, rather than

---

[4]     Although Plaintiff attached numerous exhibits to her motion to amend, she did not
attach the discovery responses that are alleged to have newly illuminated Sergeant Fuscellaro's
further involvement in certain events described in her Complaint.  While Defendants' discovery
responses are filed of record pursuant to this Court's Local Rule 5.4(a), it is difficult for the
Court to sift through this voluminous record in order to investigate Plaintiff's explanation for her
tardiness in requesting amendment.  Indeed, the law requires that *Plaintiff* make this case to the
Court.  Even in reviewing Defendants' discovery responses produced in early February 2013, the
Court has located only one Affidavit of Corporal Warrington; however, this affidavit makes no
reference to an event occurring on March 6, 2011. (D.I. 43, ex. 1 at State Defs. 000032-33)
Instead, it refers to the above-referenced event on March 7, 2011, and does not indicate that
Sergeant Fuscellaro "told [Corporal Warrington] to enter [Plaintiff's] camper without permission
and without a warrant." (D.I. 47 at 1; *see also* D.I. 43, ex. 1 at State Defs. 000032-33)  Instead,
the affidavit simply notes, as did Plaintiff's Complaint, that Sergeant Fuscellaro was present with
Corporal Warrington on March 7, 2011, during the events leading to Plaintiff's arrest. (D.I. 43,
ex. 1 at State Defs. 000032-33)

referring to facts revealed by Defendants' discovery responses. (*See, e.g., id.* at 3 ("Additionally, Sgt. Crotty would not take a report or send an officer to investigate when I informed him that [another individual] was trying to get me to give him money 'to not show up' for a pending trial."))

The Court therefore finds that Plaintiff has not demonstrated good cause to modify the Scheduling Order to add Sergeant Fuscellaro and Sergeant Crotty as Defendants at this late stage of the litigation. She has not demonstrated that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner. *See Smith v. School Bd. of Orange Cnty.*, 487 F.3d 1361, 1363, 1367 (11th Cir. 2007) (affirming district court's denial of plaintiff's motion to amend for lack of good cause where plaintiff had "alleged that discovery had produced new violations of the [l]aw that must be addressed within the counts of the complaint, but he failed to further indicate what those new violations were, what facts supported them, and why those facts previously were undiscoverable") (internal quotation marks omitted).

Although Plaintiff's proposed amendment fails for lack of good cause alone, the Court also recognizes the prejudice that Defendants would suffer should Plaintiff be permitted to amend her Complaint at this late stage of the case. (*See* D.I. 51 at 3-4) In deciding whether to grant a motion to amend under Rule 15(a)(2), "prejudice to the nonmoving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks and citation omitted). Discovery, already once extended due to Plaintiff's failure to respond to Defendants' discovery requests, is now closed. (D.I. 41)[5] A

---

[5]    Buried in Plaintiff's motion to amend is a request that "a final discovery deadline be rescheduled until after April 15" to allow Plaintiff time to recover certain property. (D.I. 47 at 18) Having already extended the discovery period once as noted above, and in the absence of a

motion for summary judgment filed by Defendants is presently pending, (*see* D.I. 52), with a trial

date to be set pending resolution of that motion.  If the Court granted Plaintiff's motion to

amend, Defendants would be forced to essentially re-litigate a portion of the case, to engage in

further discovery and grapple with a new set of scheduling deadlines.  Morever, the Court notes

the extensive history between the parties.  If the Court were to grant the present motion, any

future interactions between the parties could lead to additional motions to amend, and a never-

ending cause of action.  Accordingly, although Plaintiff's motion to amend fails on an

insufficient showing of good cause alone, the motion also fails on the basis of unfair prejudice to

Defendants. *See, e.g., Boyer v. Taylor*, Civil Action No. 06-694-GMS, 2009 WL 2338173, at *3

(D. Del. July 30, 2009) (denying plaintiff's motion to amend complaint pursuant to Rule 15(a),

and noting that the "[C]ourt will not allow [plaintiff] to add claims, ad infinitum, unrelated in

time and facts to the allegations in the original complaint and its amendments.  The remedy

available to [plaintiff] is to file a new lawsuit."); *Yelardy v. Taylor*, Civil Action No. 03-1032-

GMS, 2009 WL 320995, at *4 (D. Del. Feb. 9, 2009) (denying plaintiff's motion to amend

complaint pursuant to Rule 15(a), where "the issues concern matters which occurred following

the filing of the instant complaint" but, *inter alia*, "discovery appears [] complete[,] dispositive

motions have been filed" and "[t]he issues presented are more properly pursued as a new cause of

action").

## B.    Motion to Compel

Plaintiff moves to compel complete responses to her Interrogatories, contending that

---

sufficient showing of good cause under Rule 16(b) for a further extension, the Court denies this
request.

Defendants improperly objected to the majority of the Interrogatories and that Defendants'

answers "to my interrogatories" are "nonresponsive," not honest, or not adequate. (D.I. 48 at 1)

The difficulty with Plaintiff's motion is that, with the exception of her "in[t]errogatory to

Corporal Layfield," Plaintiff has failed to articulate with any specificity exactly which responses

are at issue in her motion, leaving Defendants (and the Court) guessing as to the answer. (*See*

D.I. 51 at 1 ("Plaintiff does not identify which specific response she is objecting to but appears to

argue that she should be entitled to production of reports pertaining to her arrests by the

Delaware State Police on August 23, 2012 and October 1, 2012)) Indeed, while Defendants'

opposition to Plaintiff's motion to compel focused on their responses to Plaintiff's Requests for

Production of Documents, (D.I. 51 at 1-3), Plaintiff's motion to compel did not mention her

Requests for Production of Documents (*see* D.I. 48). Instead, Plaintiff's motion to compel (as

well as the exhibits attached to that motion), appear to most directly take issue with the adequacy

of Defendants' responses to Plaintiff's Interrogatories. (*Id.*)

While this Court grants pro se plaintiffs leniency when considering their filings, such

plaintiffs are nevertheless expected to "'follow the rules of procedure and the substantive law.'"

*Perkins v. Delaware DHSS/DSSC*, Civ. Action No. 12-50-SLR-CJB, 2012 WL 4482801, at *6

(D. Del. Sept. 27, 2012) (quoting *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del.

2007)). This Court's Local Rule 37.1 requires a party moving to compel discovery to include, in

the motion itself or in an accompanying memorandum, "a verbatim recitation of each

interrogatory, request, answer, response, or objection which is the subject of the motion or shall

have attached a copy of the actual discovery document which is the subject of the motion." D.

Del. LR 37.1. Here, not only has Plaintiff failed to comply with that Local Rule, but, even more

fundamentally, she has (in all but one instance) failed to provide any indication as to the particular discovery requests that are the subject of her motion. Accordingly, the Court will analyze the adequacy of Defendants' response to the sole interrogatory that Plaintiff calls out with any specificity—the "interrogatory to Corporal Layfield." However, the Court cannot further consider the adequacy of additional of Defendants' discovery responses, in the absence of a more specific articulation as to what those responses are and why they are inadequate. *See, e.g., Duffy v. Kent Cnty. Levy Court*, 800 F. Supp. 2d 624, 631 (D. Del. 2011) (denying plaintiff's motions to compel discovery where, *inter alia*, those motions "fail[ed] to identify with specificity the discovery that allegedly was not provided"); *Hart v. Nationwide Mut. Fire Ins. Co.*, 270 F.R.D. 166, 169 (D. Del. 2010) ("In its Motion To Compel, Plaintiff makes only generalized arguments about Defendant's responses, and the Court will not undertake a review of each of the 65 document requests without more specific guidance from Plaintiff on what responses it is challenging and why. In essence, Plaintiff has failed to provide the necessary specificity to allow the Court to compel Defendant to reply to any individual request.")[6]

Plaintiff's Interrogatory Requests include Interrogatory 3, an eight-part Interrogatory directed specifically "To Corporal Layfield." (D.I. 42 at ¶ 3(a)-(h) ("Interrogatory 3"))[7] Having

---

[6]     *See also Rackliffe v. Rocha*, No. 1:07-CV-00603-AWI-DLB PC, 2011 WL 4888824, at *1 (E.D. Cal. Oct. 13, 2011) (denying the plaintiff's motions to compel where he "fail[ed] to identify specifically which of Defendants' responses were inadequate" because "as the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel, which of Defendants' responses are disputed, why he believes Defendants' responses are deficient, why Defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action") (citations omitted).

[7]     Interrogatory 3(h) is mistakenly labeled as duplicate sub-part 3(e) in Defendants' Answers to Plaintiff's First Set of Interrogatories. (D.I. 42)

15

reviewed Defendants' responses to Interrogatory 3, the Court finds that Defendants provided

adequate answers to sub-parts (c), (d), (e), (g), and (h) of Interrogatory 3. Therefore, the Court

will focus its analysis on remaining sub-parts (a), (b), and (f). It appears to be Defendants'

responses to these interrogatory subparts—the subparts to which Defendants objected without

answering, and asserted that, *inter alia*, the questions were "vague and unduly broad"—to which

Plaintiff primarily objects. (D.I. 48 at 1 (Plaintiff objecting to Defendants' response to

Interrogatory 3 on the grounds that the interrogatory was not "broad or vague"))

> Interrogatory 3(a) states:

>> Did you receive any sanction or reprimand after Bonnie
>> Homburger testified in CCP that she heard you tell plaintiff "This
>> (arrest) is payback for getting Sgt. Ritter suspended without pay,
>> taking food from his family's table and suing the police."? The
>> wording may be slightly changed. The exact wording is in the
>> court transcript for the plaintiff's harassment trial where she was
>> found not guilty. The statement was also documented in [] Bonnie
>> Hornberger's deposition taken by plaintiff in front of Bruce Heron
>> [E]sq[.] and transcribed by Veritext.

(D.I. 42 at ¶ 3(a)) Defendants object to this Interrogatory as "vague and unduly broad and

intended to harass and annoy" the named Defendants, as well as seeking information that is "not

relevant to any claim or defense in the case." (*Id.*) In response, Plaintiff argues that Interrogatory

3 is "very specific." (D.I. 48 at 1) The Court agrees with Plaintiff on this point. Further, the

Court finds that the Interrogatory seeks relevant information, as that term is broadly defined by

Federal Rule of Civil Procedure 26(b)(1). Plaintiff's Complaint appears to assert claims against

Defendant Corporal Layfield relating to, *inter alia*, Corporal Layfield's alleged statements that

Plaintiff's arrest on March 24, 2007 was "payback for Paoli filing a complaint against Police

Officer Ritter." (D.I. 1 at 3; *accord id.* at 9) Plaintiff describes this arrest as one of the "many

16

examples of abuse of power, harassment, mistreatment and discriminatory actions by Troop 7

officers." (*Id.* at 9)  Accordingly, the Court finds that Interrogatory 3(a) seeks information that

"appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P.

26(b)(1).  Plaintiff's motion to compel is GRANTED with respect to Interrogatory 3(a).

Interrogatory 3(b) states:

> What statements did you whisper three different times to Officer
> Lowe and/or Blakeman in 305 Summerlyn on October 1, 2012 []
> when you, Cpl. Lowe and Cpl. Blakemen were interrogating me
> about my 911 call requesting help.  Why didn't you want me to
> hear the statements or questions?  Have you ever mocked me or
> made fun of me?  How far away were you from Corp Lowe when
> he broke in my door and busted the chained lock without a warrant
> on October 1, 2012?  Why did you run from across the parking lot
> to #305 Summerlyn?  Describe in detail, what happened once you
> entered #305 Summerlyn after running across the parking lot.
> Please include in detail what you saw, heard, did, what others did,
> (plaintiff, Officer Lowe) and what you, plaintiff and Officer Lowe
> [] had in their hands at the time of the arrest.  Did plaintiff become
> unruly, disorderly or was she cooperative?  Why didn't you permit
> plaintiff to record what you, Lowe and Blakeman were asking her
> at Summerlyn yet Troop 7 officer Blakeman was recording it?
> What statements or questions did you make outside #305
> Summerlyn to any witnesses, plaintiff or police officer(s)?  Did
> you joke about anything?  Why did you and the other officers at
> Siummerlyn [] spend so much time questioning plaintiff and others
> about the sale of her Thunderbird and landlord tenant civil matters
> instead of criminal matters?  Were you trying to dig up evidence to
> try to arrest plaintiff or a charge related to the recent sale of her
> Thunderbird, or alleged landlord tenant misconduct or fraud?  Did
> you know that the owner of #305 Summerlyn testified in court that
> he permitted Paoli to sublet the rooms and he renewed her lease for
> four years at that location?

(D.I. 42 at ¶ 3(b))  Defendants object to this Interrogatory as "vague and unduly broad and

intended to harass and annoy" the named Defendants, as well as seeking information that is "not

relevant to any claim or defense in the case." (*Id.*)  Defendants point out that the Interrogatory

17

seeks information regarding a criminal arrest that occurred in October 2012—an arrest that is not

relevant to the instant action. (*Id.*)  Further, Defendants object to Plaintiff's attempt to use the

instant action to discover evidence for her pending criminal case.  (*Id.*; *see also* D.I. 51 at 4-5)

The Court will DENY Plaintiff's motion to compel with respect to Interrogatory 3(b).  At

the outset, to the extent that Plaintiff seeks information relating to the subsequent arrests to

prepare for criminal trials stemming from these arrests, that would indeed be an improper use of

discovery in this action. *See Vasquez v. Parker*, Civil No. 11-3243 (PAM/FLN), 2011 WL

6003978, at *2 (D. Minn. Nov. 18, 2011) ("If Plaintiff is seeking to discover evidence for use in

his pending criminal case, a civil action . . . is not a proper means to do so.").  More

fundamentally, as discussed above, at this late juncture in the instant action, the Court cannot

allow Plaintiff to amend her Complaint to add claims relating to the 2012 arrests.  Therefore, this

Interrogatory seeks information that is not relevant to Plaintiff's current claims.  In light of the

Court's denial of Plaintiff's motion to amend, Plaintiff may only seek discovery regarding these

arrests during the course of a new lawsuit, should she choose to file one.

Interrogatory 3(f) states:

> What did you do when the plaintiff told you Leonard Marchone
> stole her Nissan Quest title and asked you to take a report?  Why
> didn't you take her information and make a report?  Are you
> permitted to use selective or prejudicial treatment when deciding
> who to help or file a complaint for?

(D.I. 42 at ¶ 3(f))  Defendants objected to this Interrogatory on the basis that it seeks information

which is not relevant to any claim or defense in the case.  (*Id.*)  The Complaint does not appear to

specifically reference the incident described in Interrogatory 3(f).[8] (*See* D.I. 1) However, Plaintiff's Complaint does allege generally that Troop 7 repeatedly failed to respond to Plaintiff's requests for assistance over a period of years (although the cited examples included in the Complaint do not specifically reference any report from Plaintiff regarding the theft of her Nissan Quest title). (*Id.* at 17-18) In line with the broad scope of discovery permitted by the Federal Rules, the Court GRANTS Plaintiff's motion to compel with respect to Interrogatory 3(f).[9]

## IV.   CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion to amend be DENIED, and hereby ORDER that Plaintiff's motion to compel is GRANTED-IN-PART. Defendants are ordered to provide Plaintiff with full and complete answers to Interrogatories 3(a) and 3(f) **within fourteen days** of the date of this order.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.

---

[8]    The Complaint does make reference to Plaintiff being a victim in 2012 "of Leonard Marchone vandalizing her car." (D.I. 1 at 5) However, this reference is not made in reference to any allegation against Corporal Layfield; instead, it appears to relate to an allegation that Corporal Warrington made slanderous statements against her. (*Id.*)

[9]    For the reasons noted above, the Court will not analyze the adequacy of Defendants' responses to Plaintiff's remaining discovery requests. However, it is notable that despite objecting to several of Plaintiff's requests, Defendants also provided narrative answers to many of Plaintiff's interrogatories, and produced approximately 270 pages of responsive documents along with multimedia materials in response to Plaintiff's requests for production of documents. (D.I. 42-44; D.I. 51 at 1); *cf. Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 800 (D. Del. 2012) (concluding that defendants adequately responded to plaintiff's discovery requests where, despite raising objections to some discovery requests, "they also produced responsive discovery and, it appears, plaintiff has received documents numbering in the hundreds of pages").

Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, http://www.ded.uscourts.gov.

Dated: May 16, 2013

Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE